UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT THOMAS CLOUSE,<br><br>  Plaintiff,<br><br>  v.<br><br>AMADOR COUNTY JAIL MEDICAL, et al.,<br><br>  Defendants. | No. 2:23-cv-0671 DB P<br><br><br><br>ORDER |

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he received inadequate medical care while incarcerated at Amador County Jail in 2021. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint (ECF No. 1) for screening. For the reasons set forth below, the undersigned will direct plaintiff to submit a certified copy of his inmate trust account statement and dismiss the complaint with leave to amend.

**IN FORMA PAUPERS**

Plaintiff has filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.) However, plaintiff has not filed a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). The court will grant plaintiff an opportunity to submit a certified copy of his inmate trust account statement.

1

# SCREENING

## I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at Amador County Jail. (ECF No. 1 at 1.) He has identified Dr. Sun, physician at Amador County Jail and "All Medical Staff" at Amador County Jail as defendants in this action. (Id. at 2.)

Plaintiff states that while he was incarcerated at Amador County Jail in 2021, he had kidney stones. (Id. at 3.) He alleges he "told the doctor [he] had issues with [his] kidneys. He said I did not and would not help me. So from August to April 2021 I had two surgerys [sic] for kidney damage due to kidney stones that were not taken care of when asked in the beginning." (Id.) Plaintiff seeks monetary damages in relief. (Id. at 4.)

////

3

### III. Does Plaintiff State a Claim under § 1983?

At the outset the court notes that plaintiff has not indicated whether he is a pretrial detainee or a convicted prisoner. This difference is important for determining the applicable legal standards. "[T]he Fourteenth Amendment prohibits all punishment of pretrial detainees." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004). "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). The court has determined that the allegations are insufficient to state a claim under either standard as set forth below.

#### A. Legal Standards

#### 1. Fourteenth Amendment Right to Medical Care

"[M]edical care claims brought by pretrial detainees . . . 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishments Clause.'" Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) (citation omitted). Therefore, "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." Id. at 1124-25.

To allege a claim for a violation of the Fourteenth Amendment right to medical care, a detainee must allege facts showing:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[] on the

4

facts and circumstances of each particular case." Id. (internal quotation marks and citations omitted).

### 2. Eighth Amendment Right to Medical Care

To prevail on a claim of cruel and unusual punishment a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must alleged and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prsion officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when the prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

////

////

**B. Analysis**

Plaintiff alleges that he was suffering from kidney stones, he did not receive timely treatment, and as a result he had to have surgery and suffers from permanent damage due to the delay in treatment. (ECF No. 1 at 3-4.) Such allegations are sufficient to show a that plaintiff was at risk of suffering serious harm under the Fourteenth Amendment standard and had a serious medical need under the Eighth Amendment standard. However, the allegations do not contain sufficient facts to show that defendants' response to his medical need was deficient under either standard because he has not indicated when officials were informed of his kidney stones and the response. In the absence of such facts, the undersigned cannot find that the complaint states a cognizable claim.

In any amended complaint, plaintiff should include allegations stating when the defendants were informed of his health concerns and the action taken in response, if any. Plaintiff should also state with specificity which wrongs were committed by which defendants. See Fegbohungbe v. Caltrans, No. 13-cv-3801 WHO, 2014 WL 644008, at *3 n.4 (finding "[t]he general allegation regarding 'defendants' is . . . insufficient on its face because it does not identify which specific defendants" were responsible for the alleged harms); Chevalier v. Ray and Joan Kroc Corps. Cmty. Ctr., No. C 11-4891 SBA, 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012) (finding complaint failed to "identify which wrongs were committed by which Defendant" insufficient to state a claim).

**AMENDING THE COMPLAINT**

As set forth above, the complaint fails to state a cognizable claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint within thirty days of the date of service of this order.

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 12, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/clou0671.scrn